IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Roger Martin, #278388, | ) | C/A No. 8:17-2754-MGL-JDA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Major C. West;<br>Dennis Patterson;<br>Ms. David;<br>~~Medical Staff~~, | ) | |
| Defendants. | ) | |

Roger Martin ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Evans Correctional Institution ("Evans"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.[*]

## **BACKGROUND**

Plaintiff alleges that Defendants West, Patterson, and David violated his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution by charging him twice for the same offense in violation of the Double Jeopardy Clause. Specifically, Plaintiff alleges he was charged with violations #907, #820, and #855

---

[*]In an Order contemporaneously filed with this Report and Recommendation, the Court severed Plaintiff's claim of deliberate indifference to a serious medical need against the Medical Staff Defendants from the double jeopardy claim asserted in this case, and created a new case as to the deliberate indifference claim only. Plaintiff has been ordered to file a complaint and proper service documents in the newly created case regarding his deliberate indifference claim. Further, the "Medical Staff" Defendant has been removed from this case and added to the new case. Accordingly, this Report and Recommendation considers only Plaintiff's double jeopardy claims arising from the prison disciplinary proceedings alleged in Plaintiff's Complaint as to Defendants West, Patterson, and David.

(for attempted escape, smuggling, and destruction of property) on May 29. According to Plaintiff, those charges were dismissed on June 15, but he was later recharged with the same violations on August 3 and subsequently convicted on August 8. Plaintiff alleges he filed grievances pursuant to the prison disciplinary grievance process, but his grievances were "turned down."

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent

standard, a portion of the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

This Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). As explained below, this Court finds that Plaintiff has failed to allege a plausible claim against Defendants West, Patterson, and David, as a matter of law.

Plaintiff alleges the Defendants violated his constitutional rights under the Double Jeopardy Clause of the Constitution by charging him twice for the same offenses. However, the law is clear that double jeopardy does not apply to prison disciplinary proceedings. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Courts have consistently held that double jeopardy does not apply to prison disciplinary proceedings; instead, as a constitutional protection, the concept of double jeopardy is limited to criminal prosecutions and to some non-criminal procedures where the penalties imposed serve a punitive rather than remedial function. *See, e.g., United States v. Halper*, 490 U.S. 435, 448–49 (1989). Prison disciplinary proceedings are not criminal prosecutions. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Therefore, the Double Jeopardy Clause does not apply to repeated disciplinary proceedings. *See, e.g., Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir .1996) (acquittal in

4

an earlier prison disciplinary hearing is not a bar to a subsequent hearing to consider the same charge); *Garrity v. Fielder*, 41 F.3d 1150, 1152–53 (7th Cir.1994) (prison discipline proceedings are not a prosecution or punishment for double jeopardy purposes, even when the disciplinary sanction delays prisoner's release from incarceration by depriving him of good time credits); *United States v. Brown*, 59 F.3d 102, 104–06 (9th Cir.1995) (same).

The Double Jeopardy Clause of the Fifth Amendment simply does not apply to prison disciplinary proceedings, such as those complained of by the Plaintiff in this case. *See Patterson v. United States*, 183 F.2d 327, 327 (4th Cir.1950) (disciplinary sanction does not constitute a prosecution for double jeopardy purposes); *Terron v. Kupec*, No. AMD-01-2155, 2001 WL 34698403, at *1 (D. Md. July 30, 2001), aff'd, 48 F. App'x 79 (4th Cir. 2002) ("Double jeopardy does not apply to prison disciplinary proceedings."). Therefore, the Court concludes that Plaintiff's claim that he was charged twice for the same violations in a prison disciplinary proceeding does not rise to the level of a constitutional deprivation in violation of the Fifth Amendment for which the court can provide a remedy. *See Tallini v. Mitchell*, No. 4:10-2242-MBS, 2011 WL 3159101, at *2 (D.S.C. July 26, 2011).

As such, Plaintiff has failed to allege that Defendants violated the Constitution or laws of the United States. Thus, he fails to state a plausible § 1983 claim against Defendants, and this case should therefore be dismissed.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing,

district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin  
United States Magistrate Judge

December 15, 2017  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).